UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN ALAN CARR,<br>DAVID G. SCHUSTER,<br>JAMES SCHEURICH,<br>DAVID MCDONALD,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRUSTEES OF PURDUE UNIVERSITY,<br>in their official capacities,<br>TRUSTEES OF INDIANA UNIVERSITY,<br>in their official capacities,<br><br>*Defendants*.<br><br>STATE OF INDIANA,<br><br>*Intervenor*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Case No. 1:24-cv-00772-SEB-MJD |

**COMBINED ANSWER TO AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF / NOTICE OF CLAIM OF
UNCONSTITUTIONALITY OF AN INDIANA STATUTE**

Defendant Trustees of Purdue University and Defendant Trustees of Indiana University submit this Combined Answer in response to Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief / Notice of Claim of Unconstitutionality of an Indiana Statute. Defendants note that, for ease of future reference, Plaintiffs' Amended Complaint allegations are set forth verbatim, with Defendants' responses following each allegation.

**Introduction**

1. Indiana Code § 21-39.5 *et seq.* (eff. July 1, 2024), part of Senate Enrolled Act 202 ("S.E.A. 202"), imposes a variety of requirements and restrictions on faculty members at Indiana's public colleges and universities. Among other things, it requires that faculty members be denied tenure

or promotion, and threatens them with discipline through and including termination, if they are deemed "unlikely" to "foster a culture of free inquiry, free expression, and intellectual diversity" within their institution, or if they are deemed to have failed to foster such cultures in the past.  They are threatened with the same consequences if they are deemed unlikely to or have failed to "expose students to scholarly works from a variety of political or ideological frameworks that may exist within and are applicable to the faculty member's academic discipline."  The statute requires that tenured faculty members be formally reevaluated every five years for compliance with these mandates, and it requires that colleges and universities establish a mechanism for students and employees to, at any time, report faculty whom they believe to be noncompliant.  Those reports may then result in immediate discipline, including but not limited to demotion, salary reduction, and termination.  This statute violates both the First and Fourteenth Amendments to the United States Constitution.  The plaintiffs, tenured faculty members at Purdue University Fort Wayne, Indiana University Indianapolis, and Indiana University Bloomington are entitled to a declaration that the statute is unconstitutional and an injunction preventing its enforcement.

**ANSWER:**   The allegations in this paragraph are legal assertions to which no response is required.  To the extent a response is required, Defendants state that S.E.A 202 speaks for itself.  Defendants deny any remaining allegations in the foregoing paragraph.

**Jurisdiction, venue, cause of action**

2.     This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

**ANSWER:**   Defendants admit that this Court has jurisdiction based on the allegations in Plaintiffs' Complaint.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**ANSWER:**   Defendants admit that venue is proper in this Court based on the allegations in Plaintiff's Complaint.  .

4.   Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

**ANSWER:**   The allegations in this paragraph are legal assertions to which no response is required.   Defendants deny any remaining allegations or implications contained in the foregoing paragraph.

5.   This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of rights secured by the Constitution of the United States.

**ANSWER:**   Defendants admit that Plaintiffs seek to bring this action under the referenced statute.   Defendants deny any remaining allegations or implications contained in the foregoing paragraph.

**Parties**

6.   Steven Alan Carr is an adult resident of Allen County, Indiana and a tenured faculty member at Purdue University Fort Wayne, where he will teach in the 2024-2025 school year.

**ANSWER:**   Defendant Trustees of Purdue University admits that Mr. Carr is a tenured faculty member at Purdue University Fort Wayne, and that he is scheduled to teach there in the 2024-2025 school year.   Defendants are without knowledge or information sufficient to admit or deny Mr. Carr's current residency.

7.   David G. Schuster is an adult resident of Allen County, Indiana, although through August 2024, he temporarily resides in California.   He is a tenured faculty member at Purdue University Fort Wayne and will be teaching there in the 2024-2025 school year.

**ANSWER:**    Defendant Trustees of Purdue University admits that Mr. Schuster is a tenured faculty member at Purdue University Fort Wayne and is scheduled to teach there in the 2024-2025 school year.   Defendants are without knowledge or information sufficient to admit or deny Mr. Schuster's current residency.

8.    James Scheurich is an adult resident of Marion County, Indiana.  He is a tenured faculty member at Indiana University Indianapolis and will be teaching there in the 2024-2025 school year.

**ANSWER:**    Upon information and belief, Defendant Trustees of Indiana University admits that Mr. Scheurich is a tenured faculty member at Indiana University Indianapolis and is scheduled to teach there in the 2024-2025 school year.   Defendants are without knowledge or information sufficient to admit or deny Mr. Scheurich's current residency.

9.    David McDonald is an adult resident of Monroe County, Indiana.  He is a tenured faculty member at Indiana University Bloomington and will be teaching there in the 2024-2025 school year.

**ANSWER:**    Upon information and belief, Defendant Trustees of Indiana University admit that Mr. McDonald is a tenured faculty member at Indiana University Bloomington and is scheduled to teach there in the 2024-2025 school year.   Defendants are without knowledge or information sufficient to admit or deny Mr. McDonald's current residency

10.    The Board of Trustees of Purdue University is its executive body, charged with taking all acts necessary and expedient to put and keep Purdue University in operation.  Ind. Code § 21-27 *et seq*.  The individual members of the Board are sued in their official capacities.

**ANSWER:**    Defendants admit that Indiana Code section 21-27-7-4 states that "[t]he board of trustees of Purdue University may do all acts necessary and expedient to put and keep Purdue University in operation."  Defendants further admit that Indiana Code section 21-27-7-5 states that

"[t]he board of trustees of Purdue University may make all bylaws, rules, and regulations required or proper to conduct and manage Purdue University," and Defendants admit that Plaintiffs bring this action against the individual members of the Board of Trustees of Purdue University in their official capacities.

11.     The Trustees of Indiana University comprise the University's governing body and are charged with control of Indiana University.  Ind. Code § 21-27 *et seq.*

**ANSWER:**     Defendants admit that multiple portions of Article 27 of Indiana Code's Title 21 reference the powers and/or responsibilities of the "Trustees of Indiana University" and/or the "board of trustees of Indiana University," including Indiana Code section 21-27-4-2's language that "[t]he board of trustees may in the name of 'The Trustees of Indiana University' sue and be sued," Indiana Code section 21-27-4-3's language that "[t]he board of trustees may make all bylaws necessary to carry into effect the powers conferred on the board of trustees," and Indiana Code section 21-27-4-4's language that "[t] he board of trustees shall create a diversity committee at the home campus and at each regional campus to do" certain activities.  Defendants further state that Title 21's Article 27, which has ten chapters and dozens of statutory sections, speaks for itself.

**Legal background**

12.     Senate Enrolled Act 202 ("S.E.A. 202" or "the Act") amends the Indiana Code concerning higher education.

**ANSWER:**     Defendants admit that S.E.A. 202 ("the Act") amends part of Indiana Code Title 21, entitled "Higher Education," and admit that the Act states that it is "AN ACT to amend the Indiana Code concerning higher education."  Defendants otherwise state that the Act speaks for itself.

13.     Section 11 of the Act creates a new statutory article, to be codified at Indiana Code § 21-39.5 *et seq.*, entitled "State Educational Institutions:  The Protection of Free Inquiry, Free Expression, and Intellectual Diversity."

**ANSWER:**    Defendants admit that the Act creates such an article with the referenced title, and further state that the Act speaks for itself.

14.     The statutory prohibitions and requirements imposed by this article apply to state higher educational institutions (referred to in the Act as "institutions"), including Purdue University and its Board of Trustees and Indiana University and its Board of Trustees.  Ind. Code § 21-39.5-1 *et seq.* (eff. July 1, 2024).

**ANSWER:**    Defendants admit that the Act says "'Board of Trustees' refers to the board of trustees of," *e.g.*, "Indiana University" and "Purdue University" (Ind. Code § 21-39.5-1-4 (eff. July 1, 2024)); admit the Act says "'Institution' refers to a state educational institution" (Ind. Code § 21-39.5-1-4 (eff. July 1, 2024)); and admit Indiana Code section 21-7-13-32 says, e.g., the term "[s]tate educational institution" "refers to," *e.g.*, "Indiana University" and "Purdue University."  Defendants otherwise state that the referenced statutory "article" speaks for itself.

15.     The portion of the Act to be codified at Indiana Code § 21-39.5-2-1(b) (eff. July 1, 2024) provides in relevant part as follows:

> [E]ach board of trustees of an institution shall establish a policy that provides that a faculty member may not be granted tenure or a promotion by the institution if, based on past performance or other determination by the board of trustees, the faculty member is:
>
> > (1)     unlikely to foster a culture of free inquiry, free expression, and intellectual diversity within the institution; [or]
> >
> > (2)     unlikely to expose students to scholarly works from a variety of political or ideological frameworks that may exist within and are applicable to the faculty member's academic discipline.

**ANSWER:**    Defendants admit that the referenced portion of the Act has, among other language, the language referenced in this paragraph.  Defendants admit that the referenced language appears as part of the Act.  Defendants otherwise state that the referenced portion of the Act speaks for itself.

16.    The statutory terms "free inquiry" and "free expression" are not defined, either in this statutory provision or elsewhere in the Code, but the term "intellectual diversity" is defined as "multiple, divergent, and varied scholarly perspectives on an extensive range of public policy issues." Ind. Code § 21-39.5-1-5 (eff. July 1, 2024).

**ANSWER:**    Defendants admit that the words "free inquiry" and "free expression" are not specifically and expressly defined in any definitional provision of the Act, and Defendants admit that the Act specifically and expressly defines "intellectual diversity" to have the definition referenced in this paragraph.  Defendants otherwise state that the Act speaks for itself.

17.    S.E.A. 202 further provides, in relevant part:

Not later than five (5) years after the date that a faculty member is granted tenure by an institution and not later than every five (5) years thereafter, the board of trustees of an institution shall review and determine whether the faculty member has met the following criteria:

> (1)    Helped the institution foster a culture of free inquiry, free expression, and intellectual diversity within the institution.

> (2)    Introduced students to scholarly works from a variety of political or ideological frameworks that may exist within the curricula established by the:

>> (A)    board of trustees of the institution under IC 21-41-2-1(b); or

>> (B)    faculty of the institution acting under authority delegated by the board of trustees of the institution.

> (3)    While performing teaching duties within the scope of the faculty member's employment, refrained from subjecting student to views and

opinions concerning matters not related to the faculty member's academic discipline or assigned course of instruction.

(4)      Adequately performed academic duties and obligations.

(5)      Met any other criteria established by the board of trustees.

Ind. Code § 21-39.5-2-2(a) (eff. July 1, 2024).

      **ANSWER:**    Defendants admit that the Act has, among other language, the language referenced in this paragraph.  Defendants otherwise state that the Act speaks for itself.

18.    The Act requires each institution to "adopt a policy that establishes disciplinary actions, including (1) termination; (2) demotion; (3) salary reduction; (4) other disciplinary action as determined by the institution; or (5) any combination of subdivisions (1) through (4)" that "the institution will take if the board of trustees determines in a review conducted under subsection (a) that a tenured faculty member has failed to meet one (1) or more of the criteria described in [Indiana Code § 21-39.5-2-2] (a)(1) through (a)(5)."  Ind. Code § 21-39.5-2-2(d) (eff. July 1, 2024).

      **ANSWER:**    Defendants admit that the Act states "[t]he institution shall adopt a policy that establishes disciplinary actions, including" those referenced in the paragraph "that the institution will take if the board of trustees determines in a review conducted under subsection (a) that a tenured faculty member has failed to meet one (1) or more of the criteria described in subsection (a)(1) through (a)(5)."  Ind. Code § 21-39.5-2-2(d) (eff. July 1, 2024).  Defendants otherwise state that the Act speaks for itself.

19.    An institution is also required, before "renew[ing] an employment agreement with," "mak[ing] a bonus decision regarding," or "complet[ing] a review or performance assessment" of a faculty member, to "give substantial consideration to the faculty member's…performance regarding the criteria described in section [Indiana Code § 21-39.5-2-2] (a)(1) through [](a)(5) of this chapter."  Ind. Code § 21-39.5-2-3(b) (eff. July 1, 2024).

**ANSWER:**   Defendants admit that the Act states, in part, that "[b]efore  an institution: (1) renews an employment agreement or other contract with; (2) makes a bonus decision regarding; or (3) completes a review or performance assessment of; a faculty member or person described in subsection (a), the institution shall give substantial consideration to the faculty member's or person's performance regarding the criteria described in section 2(a)(1) through 2(a)(5) of this chapter."   Otherwise, Defendants deny that all of the language quoted in Plaintiffs' paragraph appears verbatim in the Act; Defendants state that the Act speaks for itself.

20.     Each institution is required to establish and communicate a procedure by which both students and employees may submit complaints that any faculty member "is not meeting the criteria described in [Indiana Code § 21-39.5-2-2] (a)(1) through [](a)(5)."  Ind. Code § 21-39.5-2-4(a)(1), (2) (eff. July 1, 2024).

**ANSWER:**   Defendants admit that the Act states, in part, that "[e]ach institution shall … [e]stablish a procedure that allows both students and employees to submit complaints that a faculty member or person described in section 3(a) of this chapter is not meeting the criteria described in section 2(a)(1) through 2(a)(5) of this chapter" and shall "[p]rovide information regarding the procedure established under subdivision (1):   (A) at student orientations; (B) on the institution's website; and (C) during employee onboarding programs."   Ind. Code § 21-39.5-2-4(a)(1), (2) (eff. July 1, 2024).  Defendants otherwise state that the Act speaks for itself.

21.     If any complaints are received, the Act requires the institution to refer them to "appropriate human resource professionals and supervisors for consideration in employee reviews and tenure and promotion decisions."  Ind. Code § 21-39.5-2-4(a)(3) (eff. July 1, 2024).

**ANSWER:**   Defendants admit that the Act states, in part, that "[e]ach institution shall … [r]efer complaints submitted under subdivision (1) to appropriate human resource professionals and

supervisors for consideration in employee reviews and tenure and promotion decisions." Ind. Code § 21-39.5-2-4(a)(3) (eff. July 1, 2024). Defendants otherwise state that the Act speaks for itself.

**Factual allegations regarding the plaintiffs**

22.     Plaintiff Steven A. Carr is a Professor of Communication and is the Graduate Program Director in the Department of Communication at Purdue University Fort Wayne.

**ANSWER:**     Admitted by Defendant Trustees of Purdue University. Defendant Trustees of Indiana University is without sufficient information to admit or deny this allegation.

23.     He was awarded tenure in 2000 and was awarded a full professorship in 2016.

**ANSWER:**     Admitted by Defendant Trustees of Purdue University.  Defendant Trustees of Indiana University is without sufficient information to admit or deny this allegation.

24.     Professor Carr is also the Director of the Institute for Holocaust and Genocide Studies at Purdue University Fort Wayne, the first and only academic center in Indiana devoted exclusively to the study of the Holocaust and other genocides.

**ANSWER:**     Admitted by Defendant Trustees of Purdue University.  Defendant Trustees of Indiana University is without sufficient information to admit or deny this allegation.

25.     In his role as a professor in the Communications Department, he teaches courses on media and cultural studies, and he is a film historian by training.

**ANSWER:**     Defendant Trustees of Purdue University admits that Professor Carr teaches courses on media and cultural studies. Defendant Trustees of Indiana University is without sufficient information to admit or deny this allegation.  Otherwise, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

26.     In his role as the Graduate Program Director in the Department of Communication, he advises approximately 20 graduate students in the Department, covering everything from admission to the completion of their final degree requirements.

**ANSWER:**     Admitted by Defendant Trustees of Purdue University.  Defendant Trustees of Indiana University is without sufficient information to admit or deny this allegation.

27.     In his role as director of the Institute for Holocaust and Genocide Studies, he enacts the Institute's mission, including supporting and promoting teaching and research about the Holocaust and other genocides, and promoting public engagement in global genocide prevention efforts.

**ANSWER:**     Admitted by Defendant Trustees of Purdue University.  Defendant Trustees of Indiana University is without sufficient information to admit or deny this allegation.

28.     He is currently scheduled to teach 4 courses over the 2024/2025 academic year.

**ANSWER:**     Admitted by Defendant Trustees of Purdue University.  Defendant Trustees of Indiana University is without sufficient information to admit or deny this allegation.

29.     Plaintiff David G. Schuster is an Associate Professor in the Department of History at Purdue University Fort Wayne.

**ANSWER:**     Admitted by Defendant Trustees of Purdue University.  Defendant Trustees of Indiana University is without sufficient information to admit or deny this allegation.

30.     He teaches courses in U.S. history, including the history of U.S. culture and medicine.

**ANSWER:**     Admitted by Defendant Trustees of Purdue University.  Defendant Trustees of Indiana University is without sufficient information to admit or deny this allegation.

31.     He will teach 6 courses over the 2024/2025 academic year.

**ANSWER:**    Admitted by Defendant Trustees of Purdue University.  Defendant Trustees of Indiana University is without sufficient information to admit or deny this allegation.

32.    He was awarded tenure in 2012.

**ANSWER:**    Admitted by Defendant Trustees of Purdue University.  Defendant Trustees of Indiana University is without sufficient information to admit or deny this allegation.

33.    Professor Schuster plans to pursue, and is working toward, promotion to full professorship within the next several years.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, therefore, deny all allegations in this paragraph.

34.    Professor James Scheurich is a Chancellor's Professor in the School of Education at Indiana University Indianapolis.

**ANSWER:**    Upon information and belief, admitted by Defendant Trustees of Indiana University.  Defendant Trustees of Purdue University is without sufficient information to admit or deny this allegation.

35.    Professor Scheurich was awarded tenure in approximately 1999, while a professor at the University of Texas, Austin.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, deny all allegations in this paragraph.

36.    He was hired by Indiana University, Indianapolis (then IUPUI) as a full professor in 2012.

**ANSWER:**   Upon information and belief, admitted by Defendant Trustees of Indiana University.  Defendant Trustees of Purdue University is without sufficient information to admit or deny this allegation.

37.   He was named a Chancellor's Professor, Indiana University Indianapolis, in 2024.

**ANSWER:**   Upon information and belief, admitted by Defendant Trustees of Indiana University.  Defendant Trustees of Purdue University is without sufficient information to admit or deny this allegation.

38.   He is also the Coordinator of the Urban Education Studies program, where he oversees the program's more than 70 doctoral students.

**ANSWER:**   Upon information and belief, admitted by Defendant Trustees of Indiana University.  Defendant Trustees of Purdue University is without sufficient information to admit or deny this allegation.

39.   His research and coursework focus on many issues of diversity, equity, and inclusion in the educational system and the surrounding society, including issues of systemic racism and anti-LGBTQ prejudice.

**ANSWER:**   Upon information and belief, admitted by Defendant Trustees of Indiana University.

40.   He will teach 3 courses during the 2024/2025 academic year.

**ANSWER:**   Upon information and belief, admitted by Defendant Trustees of Indiana University. Defendant Trustees of Purdue University is without sufficient information to admit or deny this allegation.

41.     Professor David McDonald is an associate professor in the Department of Folklore and Ethnomusicology at Indiana University.  His second term as Chair of that department will conclude in August of 2024.

**ANSWER:**     Upon information and belief, admitted by Defendant Trustees of Indiana University.  Defendant Trustees of Purdue University is without sufficient information to admit or deny this allegation.

42.     He was awarded tenure in 2014 and is working for promotion to full professor in the next year.

**ANSWER:**     Upon information and belief, Defendant Trustees of Indiana University admit that Professor McDonald was awarded tenure in 2014.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and, therefore, deny the remaining allegations in this paragraph.

43.     His research and coursework focus on the ethnomusicology of violence, war, and social movements.  He has a specific focus on issues relating to Israel and Palestine.

**ANSWER:**     Upon information and belief, admitted by Defendant Trustees of Indiana University.  Defendant Trustees of Purdue University is without sufficient information to admit or deny this allegation.

44.     He will teach 4 courses in the 2024-2025 academic year.

**ANSWER:**     Upon information and belief, admitted by Defendant Trustees of Indiana University.  Defendant Trustees of Purdue University is without sufficient information to admit or deny this allegation.

45.     The requirements imposed by S.E.A. 202, described above, apply to Professors Carr, Schuster, Scheurich, and McDonald as they are "faculty members" of Purdue University and Indiana University (respectively) as defined by the statute: they are employees of a state educational institution "whose employment duties include teaching students of the institution." Ind. Code § 39.5-1-3.

**ANSWER:**     Defendants admit that part of the Act says that "[t]his section applies to an institution that grants or promotions to faculty members." Ind. Code § 21-39.5-2-1(a) (eff. July 1, 2024). Further, Defendants admit that the Act says "'[f]aculty member' means an employee of an institution whose employment duties include teaching students of the institution"; and Defendant Trustees of Purdue University admits that Professors Carr and Schuster are such employees, and Defendant Trustees of Indiana University admit, upon information and belief, that Professors Scheurich and McDonald are such employees. Otherwise, Defendants deny that "Ind. Code § 39.5-1-3" is a Code provision containing the language referenced in the paragraph; Defendants state that the Act speaks for itself.

46.     The statute requires the universities' boards of trustees to deny promotions to the plaintiffs if they are deemed unlikely to "foster a culture of free inquiry, free expression, and intellectual diversity within the institution." Ind. Code § 21-39.5-2-1(b)(1).

**ANSWER:**     Defendants admit that the Act states, in part, that "[s]ubject to subsection (c), each board of trustees of an institution shall establish a policy that provides that a faculty member may not be granted tenure or a promotion by the institution if, based on past performance or other determination by the board of trustees, the faculty member is: (1) unlikely to foster a culture of free inquiry, free expression, and intellectual diversity within the institution; (2) unlikely to expose students to scholarly works from a variety of political or ideological frameworks that may exist within and are applicable to the faculty member's academic discipline; or (3) likely, while performing teaching duties within the scope of the faculty member's employment, to subject students to political or ideological

views and opinions that are unrelated to the faculty member's academic discipline or assigned course of instruction." Ind. Code § 21-39.5-2-1(b). Otherwise, Defendants state that the Act speaks for itself.

47.   The statute also provides for the plaintiffs to be subject to discipline including, but not limited to, termination, demotion, and salary reduction if they are deemed, as part of a promotion or other performance review, the post-tenure review mandated by the statute, or in response to a student or employee complaint, to have failed to foster such a culture. Ind. Code § 21-39.5-2-2(a)(1).

**ANSWER:**   Defendants state that the Act speaks for itself.

48.   The plaintiffs do not know what it means to "foster a culture of free inquiry, free expression, and intellectual diversity within the institution." The plaintiffs therefore cannot discern what they are required to do or refrain from doing to avoid running afoul of the statute.

**ANSWER:**   Defendants are without knowledge of information sufficient to form a belief as to what plaintiffs do or do not know or discern. Therefore, Defendants deny the allegations in this paragraph.

49.   Given the statute's uncertainty, to avoid running afoul of the statute, the plaintiffs believe they could be compelled to speak or prohibited from speaking in violation of their First Amendment rights or risk adverse employment actions, through and including termination.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations, such as what plaintiffs believe; therefore, Defendants deny the allegations in this paragraph.

50.   Moreover, even if they could discern a meaning, the plaintiffs cannot discern in advance how they are to determine what, and to what degree, speech activities will be deemed to

"foster a culture of free inquiry, free expression, and intellectual diversity within the institution." The plaintiffs cannot discern, for example, what percentage of their time must be spent fostering "free inquiry" or "free expression" in order to be deemed to assist in fostering such "cultures."

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to what plaintiffs can or cannot discern. Therefore, Defendants deny the allegations in this paragraph.

51.     For example, as part of his courses surveying United States history in the post-civil war period, Professor Schuster teaches about the "culture wars" surrounding the LGBTQ rights movement in the 1990s. He is aware that some academics teach about this movement as embodying the rise of a "homosexual agenda," during which, according to them, LGBTQ people were attempting to indoctrinate students and others with ideas about homosexuality. Professor Schuster does not believe that this "divergent" perspective is accurate and believes that teaching this perspective would be harmful to his students. He thus does not believe he should be required to teach this perspective, and while he has in the past invited students to discuss this perspective during office hours, he does not devote class time to it.

**ANSWER:** Defendant Trustees of Purdue University admit that Professor Schuster has taught subject matter referenced in this paragraph's first sentence. Defendants otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Therefore, Defendants deny the allegations in this paragraph.

52.     As another example, Professor Schuster teaches about slavery and its legacy. He does not believe he should be required to teach any number of "divergent" scholarly perspectives regarding slavery, including the perspective that was once dominant in this field—with which he strongly disagrees—that slavery ultimately benefitted African-American people.

**ANSWER:**     Defendant Trustees of Purdue University admit that Professor Schuster has taught subject matter referenced in this paragraph's first sentence.  Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Therefore, Defendants deny the allegations in this paragraph.

53.     Professor Carr engages in teaching about the Holocaust through his work at the Institute.  "Divergent" perspectives regarding the existence and scope of the Holocaust exist, ranging from denial that the Holocaust occurred to "revisionist" accounts challenging the scope and causes of that genocide.  Professor Carr would not teach those "perspectives," but the language of the statute would appear to require him to do so.

**ANSWER:**     Defendant Trustees of Purdue University admit that Professor Carr has taught subject matter referenced in this paragraph's first sentence. Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Therefore, Defendants deny the allegations in this paragraph.

54.     As another example, Professor Carr recently taught a class about the eugenics movement, including legislation involving forced sterilization passed in Indiana in 1907.  He does not believe that he should be required to teach, for example, the "divergent" scholarly perspective that racially based forced sterilization could ever be appropriate or even defensible.

**ANSWER:**     Defendant Trustees of Purdue University admit that Professor Carr has taught subject matter referenced in this paragraph's first sentence.  Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Therefore, Defendants deny the allegations in this paragraph.

55.     As part of a doctoral seminar on historical inequities and injustices in education and the surrounding city/society, Dr. Scheurich leads seminar discussions on the genocide of Native

Americans and its continuing effects, the slavery of Black people and the continuing effects, and Jim Crow laws and effects, all of which is based on extensive research.  Thus, based on extensive facts and research, he indicates that there is no legitimate opposite side to be represented.  He presents to his students that the genocide occurred, slavery occurred, and Jim Crow laws occurred, and he presents the far-reaching effects that continue through the present.  He does not believe that he should be required to present "divergent" perspectives regarding the existence or scope of these events and their effects.

**ANSWER:**     Upon information and belief, Defendant Trustees of Indiana University admit that Professor Scheurich has taught subject matter referenced in this paragraph's first sentence. Defendants otherwise are without knowledge or information sufficient to from a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny the allegations in this paragraph.

56.     As another example, Dr. Scheurich leads discussions on the far-reaching inequities and injustices experienced by LGBTQI individuals, which are also based on ample research.  He leads discussions of the research on these issues and of the written accounts of LGBTQI individuals.  Thus, based on facts and research, he indicates that there is no legitimate opposite side to be represented. He believes that teaching that these did not occur, or that they were limited occurrences would be teaching falsehoods.  However, he believes that S.E.A. 202 would require him to teach such falsehoods or not to address these topics at all.

**ANSWER:**     Upon information and belief, Defendant Trustees of Indiana University admit that Professor Scheurich has taught subject matter referenced in this paragraph's first sentence. Defendants otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Therefore, Defendants deny the allegations in this paragraph.

57.     Professor McDonald teaches about Palestinian history, culture, and activism.  He does not believe that he should be required to teach certain "divergent" scholarly perspectives regarding the Israeli-Palestinian conflict, including, for example, the once popular assertion that Palestinians do not exist and that their forcible dispossession in 1948 did not occur.

**ANSWER:**     Upon information and belief, Defendant Trustees of Indiana University admit that Professor McDonald has taught subject matter referenced in this paragraph's first sentence. Defendants otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Therefore, defendants deny the allegations in this paragraph.

58.     Although the plaintiffs already seek to foster a culture of free inquiry in their classrooms, this does not mean that they believe it is appropriate to provide equal time or attention to all lines of questioning.  They exercise their judgment and academic freedom to determine when further inquiry on a subject is no longer desirable or appropriate, and they have no way of knowing whether this type of in-the-moment decision-making will subject them to discipline or other employment consequences.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Therefore, Defendants deny the allegations in this paragraph.

59.     S.E.A. 202 requires the universities' boards of trustees to deny promotions to the plaintiffs if they are deemed "unlikely to expose students to scholarly works from a variety of political or ideological frameworks that may exist within and are applicable to the faculty member's academic discipline," Ind. Code § 21-39.5-2-1(b)(2), and it subjects them to discipline including termination, demotion, and salary reduction if they are deemed not to have "introduced students to scholarly works

from a variety of political or ideological frameworks that may exist within the curricula" established by the board of trustees or institution's faculty, Ind. Code § 21-39.5-2-2(a)(2).

**ANSWER:**   Defendants state that the Act speaks for itself.  Otherwise, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and, therefore, deny the remaining allegations in this paragraph

60.   The plaintiffs have no idea what this means and cannot discern what they are required to do or refrain from doing to avoid running afoul of the Act.

**ANSWER:**   Defendants are without knowledge or information sufficient to understand what plaintiffs know or do not know or what plaintiffs discern. Therefore, Defendants deny the allegations in this paragraph.

61.   Given the statute's uncertainty, to avoid running afoul of the statute, the plaintiffs believe they could be compelled to speak or prohibited from speaking in violation of their First Amendment rights or risk adverse employment actions, through and including termination.

**ANSWER:**   Defendants are without knowledge or information sufficient to understand what plaintiffs believe.  Therefore, Defendants deny the allegations of this paragraph.

62.   The speech activities of the plaintiffs are protected by the First Amendment, as they retain the academic freedom to determine the content of their instruction, free from interference by the State.

**ANSWER:**   Defendants admit that the First Amendment protects certain freedoms. Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations, such as the paragraph's intended meaning of "[t]he speech activities of the plaintiffs"; therefore, Defendants deny the allegations in this paragraph.

63.     Given the breadth and vagueness of Indiana Code § 21-39.5-2-2(a)(1) and (a)(2), plaintiffs are subject to the serious consequences noted in the statute if they continue to teach as they have for years.  This compulsion to speak, or not to speak, as directed by the statute or, alternatively, to face the penalties imposed by the statute, violates the First Amendment.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations, and, thus, Defendants deny the allegations in this paragraph.

64.     The speech in which the plaintiffs seek to engage is in no way antithetical to the interests of their employer.

**ANSWER:**     Defendants are without knowledge or information sufficient to determine the speech in which plaintiffs seek to engage.   Therefore, Defendants deny the allegations of this paragraph.

65.     The plaintiffs' desire to refrain from certain speech is in no way antithetical to the interests of their employer.

**ANSWER:**     Defendants are without knowledge or information sufficient to know plaintiffs' referenced "desire."  Therefore, Defendants deny the allegations in this paragraph.

66.     The interests of the plaintiffs in engaging in and refraining from protected speech greatly outweighs any countervailing interest by the State.

**ANSWER:**     Defendants are without knowledge or information sufficient to know the referenced "interests" of plaintiffs.  Therefore, Defendants deny the allegations in this paragraph.

67.     At all times defendants have acted and have failed to act under color of state law.

**ANSWER:**     Denied.

68.     Plaintiffs are being threatened with and are being caused irreparable harm for which there is no adequate remedy at law.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations, and, thus, Defendants deny the allegations in this paragraph

**Legal claims**

69.     Indiana Code §§ 21-39.5-2-1(b)(1), (2) and Indiana Code §§ 21-39.5-2-2(a)(1), (2) (eff. July 1, 2024) violate the First Amendment, to the extent that they impinge upon the plaintiffs' academic freedom to determine the content of and deliver their instruction, free from interference by the State.

**ANSWER:**     The allegations in this paragraph are legal assertions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations, and, thus, Defendants deny the allegations in this paragraph.

70.     Indiana Code §§ 21-39.5-2-1(b)(1), (2) and Indiana Code §§ 21-39.5-2-2(a)(1), (2) (eff. July 1, 2024) violate the First Amendment and the Due Process Clause of the Fourteenth Amendment in that they are impermissibly vague.

**ANSWER:**     The allegations in this paragraph are legal assertions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations, and, thus, Defendants deny the allegations in this paragraph.

**Request for relief**

WHEREFORE, plaintiffs request that this Court:

a.      accept jurisdiction of this case and set it for hearing at the earliest opportunity;

b.      declare that Indiana Code §§ 21-39.5-2-1(b)(1), (2) and Indiana Code §§ 21-39.5-2-2(a)(1), (2) are unconstitutional for the reasons noted above;

c.      enter a preliminary injunction, later to be made permanent, enjoining Indiana Code §§ 21-39.5-2-1(b)(1), (2) and Indiana Code §§ 21-39.5-2-2(a)(1), (2);

d.      award plaintiffs their costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

e.      award all other proper relief.

**ANSWER:**    Defendants admit that Plaintiffs request the referenced relief in this action.

Defendants deny any violations or wrongdoing and therefore deny that Plaintiffs are entitled to relief in this action.

### *Additional Defenses*

1) Plaintiffs fail to state a viable claim, including for lack of ripeness and lack of standing as to the requested relief.

2) This action does not qualify for declaratory judgment or injunctive relief, including for prematurity and lack of ripeness.

Dated:  June 4, 2024                                Respectfully submitted,

                                                                *s/ John R. Maley*
                                                                John R. Maley
                                                                Dylan A. Pittman
                                                                BARNES & THORNBURG LLP
                                                                11 South Meridian Street
                                                                Indianapolis, IN  46204
                                                                Telephone:    317.231.7464
                                                                Facsimile:     317.231.7433
                                                                Email:          jmaley@btlaw.com
                                                                                   dylan.pittman@btlaw.com

                                                                *Counsel for Defendants*