UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN ALAN CARR, et al., | ) |
| | ) |
| Plaintiffs, | )   1:24-cv-772-SEB-MJD |
| | ) |
| v. | ) |
| | ) |
| TRUSTEES OF PURDUE | ) |
| UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

**Objection to Intervenor State of Indiana's Bill of Costs**

Presently pending before the Court is the Intervenor State of Indiana's Bill of Costs, submitted pursuant to Federal Rule of Civil Procedure 54(d)(1) (Dkt. 70), following this Court's dismissal of this matter, without prejudice, for lack of subject-matter jurisdiction (Dkts. 68, 69). Plaintiffs, by counsel, hereby file their objection to that Bill of Costs.

Federal Rule of Civil Procedure 54(d)(1) typically allows for the award of costs to a prevailing party. The Rule specifies that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Here, as the courts of this circuit have recognized, a federal statute indeed "provides otherwise." 28 U.S.C. § 1919 indicates that "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court *may* order the payment of just costs." (emphasis added). In effect, "Section 1919 is an exception to the presumption in favor of awarding costs to the

[1]

prevailing party codified in Rule 54(d)(1)." *Cooper v. Vaught*, Case No. 1:17-cv-01114-JRS-MPB, 2019 WL 5965308, at *1-2 (S.D. Ind. Nov. 12, 2019) (citing *Whitford v. Gill*, 402 F. Supp. 3d 529, 531-32 (W.D. Wis. Aug. 22, 2019) (sustaining objection to Bill of Costs following jurisdictional dismissal and collecting cases)).

As this Court noted in *Cooper*, "[w]hile the Seventh Circuit has not addressed what constitute 'just costs' under § 1919, the Ninth Circuit has instructed that, in awarding 'just costs' under [§] 1919, a district court should consider what is most fair and equitable under the totality of the circumstances." *Cooper*, 2019 WL 5965308, at *3. In *Cooper*, the plaintiffs had raised a good-faith constitutional challenge to a regulatory regime which they believed violated their First Amendment rights. *Id.* Following a without-prejudice dismissal based on jurisdictional grounds, this Court highlighted that "[t]he case was dismissed, not because the rule was constitutional (the Court did not reach that question)" but rather because the case had become moot. *Id.* Under those circumstances, the Court concluded, requiring the plaintiffs to pay the defendants' costs "would not be most fair and equitable," and instead it was most equitable to leave each side to bear its own costs. *Id.* (citing *Whitford*, 402 F. Supp. 3d at 533-34 (declining to assess costs where the plaintiffs' claims were ultimately dismissed for lack of jurisdiction as nonjusticiable)).

So too, here. This Court did not reach the merits of the plaintiffs' claims, instead finding only that they were not yet ripe for review. (Dkt. 68 at 15). The plaintiffs' claims were raised in good faith, and there has been no determination that the challenged statute

[2]

is constitutional.  Far from it: the same plaintiffs have now filed lawsuits raising the same constitutional challenge, following the promulgation of the policies that this Court found to be lacking at the inception of this lawsuit.  *See McDonald et al. v. Trustees of Indiana University*, 1:24-cv-1575-RLY-CSW (S.D. Ind.), *Carr et al. v. Trustees of Purdue University*, 1:24-cv-1578-JRS-TAB (S.D. Ind.).  As these lawsuits involve the same plaintiffs raising the same claims, the transcript copies of the plaintiffs' depositions for which the Intervenor seeks reimbursement represent admissions that are available for the Intervenor to use in this new litigation, and most certainly will be used.[1]  In other words, the State would have incurred the costs for which it now seeks reimbursement regardless of the dismissal of this action.  In the totality of the circumstances, it would be most equitable for each party to bear its own costs here.

Stevie J. Pactor
Kenneth J. Falk
Gavin M. Rose
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
spactor@aclu-in.org
kfalk@aclu-in.org
grose@aclu-in.org

Attorneys for Plaintiffs

---

[1]  Inasmuch as the two new cases challenge the constitutionality of the same state statute, S.E.A. 202, it is assumed that the State will once again intervene to defend the constitutionality of the statute.