UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVEN ALAN CARR,<br>DAVID G. SCHUSTER,<br>JAMES SCHEURICH,<br>DAVID MCDONALD, | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 1:24-cv-00772-SEB-MJD |
| TRUSTEES OF PURDUE UNIVERSITY,<br>TRUSTEES OF INDIANA UNIVERSITY, | )<br>)<br>) | |
| Defendants. | )<br>) | |
| STATE OF INDIANA, | )<br>)<br>) | |
| Intervenor. | ) | |

**ORDER DENYING BILL OF COSTS**

Pending before the Court is Intervenor State of Indiana's (the "State") Bill of Costs, dkt. 70, and Plaintiffs Steven Carr, David Schuster, James Scheurich, and David McDonald's (collectively "Plaintiffs") objection thereto, dkt. 71. On August 14, 2024, we dismissed this matter without prejudice for lack of subject-matter jurisdiction. Dkt. 68. The State now seeks $2,687.20 in fees for "transcripts necessarily obtained for use in this case." Dkt. 70 at 1. Plaintiffs object to the award of costs on the basis that such an award would be unjust. For the reasons explained below, the State's Bill of Costs, dkt. 70, is **DENIED**.

1

## DISCUSSION

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). While "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs," "the decision whether to award costs," ultimately rests "within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). "[A] district court's discretion to award costs under Rule 54(d) can be displaced only by a federal statute that is contrary to the Rule." *Armstrong v. BNSF Ry. Co.*, 880 F.3d 377, 383 (7th Cir. 2018) (citing *Marx*, 568 U.S. at 377). A "statute is contrary to the Rule if it limits that discretion. A statute may limit a court's discretion in several ways, and it need not expressly state that it is displacing Rule 54(d)(1) to do so." *Marx*, 568 U.S. at 377.

Plaintiffs here argue that 28 U.S.C. § 1919 is one such "contrary" statute. Section 1919 provides, in relevant part, that "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court *may* order the payment of just costs." 28 U.S.C. § 1919 (emphasis added). Section 1919, Plaintiffs assert, displaces the Rule 54(d)(1) presumption in favor of awarding costs to the prevailing party. The State counters that § 1919 is consistent with—not contrary to—the discretion afforded to district courts under Rule 54(d) and, as such, § 1919 neither displaces the presumption in favor of awarding costs to the prevailing party nor otherwise limits the district court's discretion in doing so.

2

Because this matter was dismissed (without prejudice) for lack of subject matter jurisdiction, the award of costs falls squarely within the statutory purview of § 1919. As other district courts in this Circuit have concluded, § 1919 operates "as an exception to the presumption in favor of awarding costs to the prevailing party codified in Rule 54(d)(1)." *Whitford v. Gill*, 402 F. Supp. 3d 529, 531 (W.D. Wis. 2019) (collecting cases); *Cooper v. Vaught*, No. 1:17-cv-01114-JRS-MPB, 2019 WL 5965308, at *1 (S.D. Ind. Nov. 12, 2019); *see Ohio Cas. Ins. Co. v. Reed*, No. 1:04-cv-2027-DFH-WTL, 2006 WL 3240501, at *1 n.1 (S.D. Ind. Nov. 2, 2006) ("Rule 54(d) cannot serve as the basis for an award of costs because defendants are not 'prevailing parties' under Rule 54(d) when the action is dismissed for lack of subject matter jurisdiction."). In other words, § 1919 displaces the Rule 54(d)(1) presumption in favor of awarding costs to the prevailing party: "To hold otherwise would be to read § 1919 out of existence." *Whitford*, 402 F. Supp. 3d at 532; *see, e.g.*, *Cooper*, 2019 WL 5965308, at *1.

Under § 1919, we must therefore consider whether an award of costs to the State is just. While the Seventh Circuit has not addressed what constitutes "just costs," our sister courts have utilized the standard set forth by the Ninth Circuit, according to which district courts weigh, on a case-by-case basis, "what is most fair and equitable under the totality of the circumstances." *Whitford*, 402 F. Supp. 3d at 533 (quoting *Otay Land Co. v. United Enterprises Ltd.*, 672 F.3d 1152, 1157 (9th Cir. 2012)).

Plaintiffs, each a tenured university professor, brought this lawsuit in good faith to challenge a newly enacted Indiana statute, Senate Enrolled Act 202 ("SEA 202"), Indiana Code § 21-39.5 *et seq.* (effective July 1, 2024), which, Plaintiffs alleged, infringed on their

3

First Amendment rights of academic freedom to determine the content of their classroom instruction without state interference and without the threat of adverse employment action. We dismissed the complaint on the grounds that "Plaintiffs' asserted injuries remain[ed] inchoate and their claims for relief unripe." Dkt. 68 at 15. We did not, however, "express [any] view as to the merits of their constitutional claims . . . ." Dkt. 68 at 15. Indeed, SEA 202's constitutionality remains an open question, as Plaintiffs have since brought two (now consolidated) lawsuits reasserting identical constitutional claims. *McDonald v. Trs. of Indiana University*, No. 1:24-cv-01575-RLY-CSW (S.D. Ind. filed Sept. 13, 2024); *Carr v. Trs. of Purdue University*, No. 1:24-cv-01578-RLY-TAB (S.D. Ind. Oct. 28, 2024) (order granting motion to consolidate and closing the case). Under these circumstances, it is most fair and equitable for each side to bear its own costs. The State's Bill of Costs is denied accordingly.

## CONCLUSION

For these reasons, the State's Bill of Costs, dkt. 70, is **DENIED**. Each side shall bear its own costs.

IT IS SO ORDERED.

Date: 3/25/2025

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kathleen M. Anderson
BARNES & THORNBURG, LLP (Fort Wayne)
kathleen.anderson@btlaw.com

4

James A. Barta
Office of the Indiana Attorney General
james.barta@atg.in.gov

Katelyn E. Doering
Office of IN Attorney General
katelyn.doering@atg.in.gov

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Jenna Lorence
INDIANA ATTORNEY GENERAL
jenna.lorence@atg.in.gov

John R. Maley
BARNES & THORNBURG, LLP (Indianapolis)
jmaley@btlaw.com

Stevie J. Pactor
ACLU OF INDIANA
spactor@aclu-in.org

Dylan Pittman
BARNES & THORNBURG, LLP (Indianapolis)
dylan.pittman@btlaw.com

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org